**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AMIRA GONZALEZ BOISSON,** § <br> **Acueducto de Queretaro No. 509** § <br> **Jurica Acueducto** § <br> **Queretaro, Queretaro, Mexico  76230** § <br>     *Plaintiff*, § <br> § <br> v. § <br> § <br> **MICHAEL POMPEO, Secretary, U.S.** § <br> **Department of State, in his official** § <br> **capacity,** § <br> **United States Department of State** § <br> **2201 C Street NW** § <br> **Washington, DC  20520** § <br> § <br>     *Defendant.* § | Case No.  1:19-cv-2105 |

**COMPLAINT FOR DECLARATORY RELIEF**

Amira Gonzalez Boisson ("Ms. Gonzalez Boisson"), through undersigned counsel, files this action for declaratory relief under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq*., and 28 U.S.C. § 2201 (Declaratory Judgment Act).

Although born in Mexico, Ms. Gonzalez Boisson acquired United States citizenship at birth as the child of an United States citizen and an alien parent.  This is so because her mother, Denise Boisson de Gonzalez, is a United States citizen and was physically present in the United States for 14 years, 5 after she turned 14 years old.

On September 23, 2013, the United States Department of State (DOS) issued Ms. Gonzalez Boisson a United States passport based on evidence she presented of her mother's birth and physical presence in the United States.  On September 3, 2014, the DOS issued Ms. Gonzalez Boisson a United States Passport card based on her evidence of United States citizenship.  At a later date, on May 6, 2019, the DOS revoked Ms. Gonzalez Boisson's United

States Passport and Passport card believing that her mother did not satisfy the physical presence requirement necessary to transmit United States citizenship to Ms. Gonzalez Boisson. Pursuant to 5 U.S.C. § 701 *et seq.* and 28 U.S.C. § 2201, Ms. Gonzalez Boisson brings this action requesting that this Court find and declare that she is a citizen and national of the United States. In addition, Ms. Gonzalez Boisson alleges that the pre-deprivation procedures are unconstitutional and that the post-deprivation procedures are inadequate and unconstitutional.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), as a civil action arising under the Constitution and laws of the United States. Ms. Gonzalez Boisson submits that her revocation of her United States passport violates her Fifth Amendment rights. Relief is also sought under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq*. Declaratory judgment is also sought pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Venue is proper under 28 U.S.C. § 1391(e) because the Secretary of State Michael Pompeo, in his official capacity, is a defendant in this case and a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

3. Plaintiff Amira Gonzalez Boisson was born and resides in Mexico.

4. Defendant Michael Pompeo, named in his official capacity, is the duly appointed and confirmed Secretary of State of the United States. In this capacity, he is responsible for the issuance of United States passports.

## STATEMENT OF FACTS

5. Ms. Gonzalez Boisson was born in Mexico City in 1970 to Jose Antonio Gonzalez and Denise Boisson.

6. Mr. Gonzalez is Mexican citizen, having been born in that country.

7. Ms. Denise Boisson is United States citizen having been born in San Diego, California in 1946.

8. Ms. Denise Boisson, and her parents, lived in San Diego with Ms. Boisson's grandmother until Ms. Boisson was 7 years old. Her parents, and Ms. Boisson, then moved to Mexico. She resided in Mexico until sometime in August 1959.

9. In August 1959, Ms. Boisson returned to the United States and enrolled in Immaculate Heart High School in Los Angeles California. She was a boarding student at the school throughout her 4 years of high school. Her high school yearbook substantiates her enrollment in Immaculate Heart High School. Ms. Boisson graduated in May 1963.

10. Upon graduation, Ms. Boisson did not return to Mexico but went to live with her grandmother in San Diego, California. Her grandmother was then elderly and needed company.

11. In 1963, Ms. Boisson met her husband in San Diego. Her was in the Mexican Navy and traveled regularly to San Diego to buy equipment.

12. In February 1965, Ms. Boisson and Mr. Gonzalez married under Mexico's civil laws. Because Mr. Gonzalez was a navy officer and had to travel for work, Ms. Boisson returned to San Diego in February 1965. In June 1965, Mr. Gonzalez returned to Mexico from traveling and Ms. Boisson moved to Mexico to marry Mr. Gonzalez in a religious ceremony and to remain in Mexico as his wife.

13. Thereafter, Ms. Boisson returned to San Diego every summer for 1-2 months to stay with her grandmother.

14. In the summer of 1966, Ms. Boisson stayed in San Diego for only one month because her first child was born on July 1, 1966.

15. From 1967-1970, Ms. Boisson visited her grandmother in San Diego for two months in the summer each year.

16. By statute, Congress has legislated that the foreign-born children of United States citizens acquire United States citizenship provided that one or both parents have been physical present in the United States for a certain number of years before the child's birth. The requirements are different if both parents or only one are United States citizens. The requirements are also different for children born to unwed United States citizen mothers, as opposed to fathers. *See Sessions v. Morales-Santana*, 137 S.Ct. 1678 (2017). Further, over the years, Congress has changed these requirements making it easier for foreign-born children to acquire United States citizenship.

17. For persons like Ms. Gonzalez Boisson, the rule is that the foreign-born child acquires United States citizenship at birth if her United States citizen parent resided in the United States for 10 years prior to the child's birth, and 5 of those 10 years were after the age of 14 years old. 8 U.S.C. § 1401(g); 8 Foreign Affairs Manual 301.7-4(D)(1).

18. When Ms. Gonzalez Boisson was born on October 16, 1970, she acquired United States citizenship because her mother, Ms. Denise Boisson, had the requisite physical presence in the United States. Based on such evidence and after interviewing Ms. Denise Boisson, the DOS issued a United States passport to Ms. Gonzalez Boisson on September 23, 2013.

19. In 2003, Ms. Denise Boisson applied for her United States passport and mistakenly reported that she had lived in Mexico from 1950 to 1958. This statement conflicted with Ms. Boisson's statement, submitted in support of Ms. Gonzalez Boisson's application for a United States passport, that Ms. Boisson had been physically present in the United States from her birth until August 10, 1959.

20. Based on these statements and without an opportunity to contest the allegations prior to revocation of the passport in a hearing before an impartial decisionmaker, the DOS revoked Ms. Gonzalez Boisson's United States passport on May 6, 2019 under 22 C.F.R. § 51.62(a)(2) claiming that the passport was not lawfully obtained.

21. The DOS's decision to revoke Ms. Gonzalez Boisson's United States passport however is erroneous and unlawful. Ms. Gonzalez Boisson satisfies all the requirements for United States citizenship and issuance of a United States passport.

## CAUSE OF ACTION

### ADMINISTRATIVE PROCEDURES ACT
### 5 U.S.C. § 701 et seq.

22. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-21 above.

23. The Secretary of State is authorized to grant and issue passports. 22 U.S.C. §§ 211a and 211; 22 C.F.R. § 51, *et seq*. The Secretary of State is also empowered to revoke or limit passports under certain circumstances. 8 U.S.C. § 1504; 22 C.F.R. § 51.62 (a) and (b).

24. Defendants wrongfully revoked Ms. Gonzalez Boisson's United States passport in violation of 5 U.S.C. § 706(2).

### FIFTH AMENDMENT TO THE U.S. CONSTITUTION

25. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-21 above.

26. Plaintiff submits that the lack of fair and meaningful pre-deprivation procedures for revoking a United States passport violates her rights under the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

27.     Plaintiff also submits that the lack of fair and meaningful post-deprivation procedures for adjudicating the revocation of a United States passport violates her rights under the Due Process Clause of the Fifth Amendment to the U.S. Constitution

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

    A.    Assume jurisdiction over this action;

    B.    Issue a declaratory judgment declaring Amira Gonzalez Boisson is a United States citizen and national who is entitled to the rights and privileges of citizenship, including a United States passport;

    C.    Declare that the Defendant wrongfully revoked Ms. Gonzalez Boisson's United States passport because the pre-deprivation provedures are in violation of the U.S Constitution;

    D.    Declare that the Defendant wrongfully revoked Ms. Gonzalez Boisson's United States passport because the post-deprivation provedures are in violation of the U.S Constitution;

    E.    Order Defendant to issue a United States passport to Ms. Gonzalez Boisson;

    F.    Award Plaintiff his costs and attorney's fees in this action as provided for by the Equal Access to Justice Act, 28 U.S.C. § 2412, or other statute; and,

    G.    Grant such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Javier N. Maldonado
Javier N. Maldonado
TX Bar No. 00794216
USDC DC Bar No. TX0168

Javier N. Maldonado
Law Office of Javier N. Maldonado, P.C.
8620 N. New Braunfels Ave., Suite 605
San Antonio, TX 78217
Telephone: (210) 277-1603
Facsimile: (210) 587-4001
Email:  jmaldonado.law@gmail.com

**ATTORNEYS FOR PLAINTIFF AMIRA GONZALEZ BOISSON**